FILED

2017 AUG -4 PM 4:26

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

**CASE NO.:** 3:17-cv-899-J-32-JBT

DOUGLAS LONGHINI, individually,

Plaintiff,

v.

GATEWAY RETAIL CENTER, LLC., WINGIN' IT INVESTMENTS, INC., NEIL, INC. a/k/a SUBWAY GATEWAY #20397, BAJCO FLORIDA, LLC. d/b/a PAPA JOHN'S PIZZA,

Defendants.

**COMPLAINT UNDER 42 U.S.C. §301-505 Et. Seq.**

Plaintiff DOUGLAS LONGHINI (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205 et. seq. (**"ADA"**) and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendants GATEWAY RETAIL CENTER, LLC. (**"Defendant Gateway Retail Center"**), WINGIN' IT INVESTMENTS, INC. (**"Defendant Wingin' It"**), NEIL, INC. a/k/a SUBWAY GATEWAY #20397 (**"Defendant Subway #20397"**) and BAJCO FLORIDA, LLC. d/b/a PAPA JOHN'S PIZZA (**"Defendant Papa John's"**) (**Collectively "Defendants"**) for injunctive relief and states:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 42 U.S.C. § 12188, 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under Title 42 U.S.C. §12182

et. seq., based on Defendants' violations of Title III of the ADA. See also 28 U.S.C. §§ 2201-2202 and 2010 ADA Standards.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the Defendants' property that is the subject of this action is located within, and the discrimination Plaintiff experienced occurred within, the Middle District of Florida.

**PARTIES**

3. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

4. Specifically, Plaintiff has Cerebral Palsy which requires him to use a wheelchair to ambulate, Plaintiff may not ambulate without use of a wheelchair.

5. Defendant Gateway Retail Center is a Florida Limited Liability Company doing business in Duval County, Florida.

6. Defendant Gateway Retail Center is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 5238 Norwood Avenue, Jacksonville, Florida 32208, Real Estate No. 030023-0010 (the "**Subject Premises**" or "**Facilities**").

7. Defendant Wingin' It is a Florida Profit Corporation doing business in Duval County, Florida.

8. Defendant Wingin' It is the owner, lessee or operator of the restaurant known as Wing Stop located on the Subject Premises.

9. Defendant Subway #20397 is a Florida Profit Corporation doing business in Duval County, Florida.

10. Defendant Subway #20397 is the owner, lessee or operator of the restaurant known as Subway located on the Subject Premises.

11. Defendant Papa John's is a Foreign Limited Liability Company authorized to, and doing business in, Duval County, Florida.

12. Defendant Papa John's is the owner, lessee or operator of the restaurant known as Papa John's Pizza located on the Subject Premises.

## GENERAL ALLEGATIONS

13. Pursuant to 42 U.S.C. §12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendants' building and/or subject premises is a place of public accommodation covered by the ADA because it is an establishment (and/or lessor of establishments) which provide services to the general public, and must be in compliance therewith.

14. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG. Plaintiff alleges that removal of the barriers he encountered is readily achievable, because upon information and belief, the remedying the barriers is easy to accomplish and would be able to be carried out without much difficulty and/or expense. 42 U.S.C. § 12182 (b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

15. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all violations listed below can be applied to the 1991 ADAAG standards.

16. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

17. On June 7, 2017, Plaintiff visited the Subject Premises to conduct business—i.e., visit shopping center and purchase food and drinks —and encountered architectural barriers to access the Subject Premises.

18. Completely independent of the personal desire to have access to this place of public accommodation free from illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least those that Plaintiff is able to access; and tests all of those barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

19. Plaintiff has personal knowledge from his visit to the Subject Premises that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities in violation of 42 U.S.C. § 12182, because he personally encountered all of the barriers listed in the instant Complaint.

20. Plaintiff plans on availing himself of the benefits of the Subject Premises' public accommodations once the Subject Premises are made compliant, until that date all attempts would be futile as they would just expose him to further discrimination.

21. The Defendants are jointly and severally liable with their tenants, for all ADA violations found on the premises under the guidelines of *The ADA: Title III Technical Assistance Manual - 1.2000 Public Accommodations.*[1]

[1] The Technical Assistance Manual is a publication provided by the Department of Justice.

**COUNT 1: INJUNCTIVE RELIEF**

22. Plaintiff fully adopts and incorporates the above allegations of paragraphs 1-21 as if fully set out herein.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

24. Defendants acted discriminatorily in failing to ensure Plaintiff was afforded an equal opportunity to enjoy/avail himself of the subject premises in violation of 42 U.S.C. § 12182.

25. Plaintiff alleges that the discriminatory ADA violations listed herein will not be remedied without court intervention, and thus the Plaintiff will suffer continuing harm and injury without injunctive relief.

26. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of, and non-compliance with, the ADA. Plaintiff sought, and wishes to seek in the future (once the subject premises is rendered ADA complaint), to avail himself of the accommodations, privileges, and advantages of the public accommodations offered by Defendants. However, he was, and continues to be, denied the opportunity to avail himself of the benefits of the subject premises, and any attempt to do so would be futile without the injunctive relief requested herein.

27. Plaintiff was not able to access, among other things, parking, entrance access, paths of travel, access to goods and services for tenants and tenants' restrooms, at the Subject Premises without encountering accessibility barriers.

28. Defendants are in violation of the ADA and ADAAG and are discriminating against Plaintiff as a result of the following violations:

**DEFENDANT GATEWAY RETAIL CENTER**

**Parking**

a. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

e. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

g. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

h. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

j. The Plaintiff had difficulty on the path of travel at the facility, as there are ramps without compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

k. There are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

l. The Plaintiff experienced a hazardous situation as curb ramps protrude into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas, violating Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**DEFENDANT WINGIN' IT**

**Public Restrooms**

m. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

**DEFENDANT SUBWAY #20397**

**Access to Goods and Services**

n. The accessible features are not maintained at the subject facility, creating barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR 36.211.

**Public Restrooms**

o. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

p. The Plaintiff had difficulty using the restroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

q. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

r. The Plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

s. The Plaintiff could not transfer to the toilet without assistance, as the toilet is less than 1½" below the rear grab bar. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4. Figure 29, & 4.26.2 of the ADAAG and Sections 604.5.2 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

t. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

u. The Plaintiff could not use the soap dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Section 308 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

w. The Plaintiff could not use the lavatory without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**DEFENDANT PAPA JOHN'S**

**Access to Goods and Services**

x. The accessible features are not maintained at the subject facility, creating barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR 36.211.

**Public Restrooms**

y. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

z. The Plaintiff had difficulty using the restroom door without assistance, as the door hardware requires tight grasping and twisting of the wrist to operate. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

aa. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

bb. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

cc. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

dd. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not at the required locations. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

29. As the Plaintiff was unable to fully access the Subject Premises, the full extent of the Subject Premises' ADA violations is unknown, and likely would have been encountered had they been accessible. Hence, the discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess

all areas. In order for the instant action to successfully achieve the goal of eliminating discrimination, without the need for multiple actions each time a barrier is removed and another is revealed, an on-site inspection by Plaintiff's representatives, pursuant to Federal Rule of Civil Procedure 34, eliminates the need for Plaintiff to bring multiple suits to accomplish the same injunctive relief that this one suit should accomplish.

30. Knowing that it would be a futile gesture to return, unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the choice to freely visit the Subject Premises. The violations create a deterrent, if not complete barrier, to equal enjoyment of the Subject Premises by those with disabilities, including Plaintiff. In contrast the Subject Premises is readily enjoyable to individuals without disabilities. Injunctive relief will remedy the direct, and ongoing harm, suffered by Plaintiff.

31. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

32. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

33. Plaintiff will continue to suffer such discrimination, injury, and damage, and will be deterred from returning to the Subject Premises, without the injunctive relief demanded herein.

34. Plaintiff retained undersigned counsel for the filing and prosecution of this action. Counsel is entitled to receive, and Plaintiff has agreed Counsel is entitled to receive, a reasonable attorney's fee, including litigation expenses and costs, pursuant to 42 U.S.C. § 12205.

35. Plaintiff demands a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiff DOUGLAS LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendants GATEWAY RETAIL CENTER, LLC., WINGIN' IT INVESTMENTS, INC, NEIL, INC. a/k/a SUBWAY GATEWAY #20397 and BAJCO FLORIDA, LLC. d/b/a PAPA JOHN'S PIZZA from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 2nd day of August, 2017.

Respectfully submitted,

By: s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Florida Bar No. 93028
Mario E. Lopez, Esq.
Florida Bar No. 98061
**FEDERAL DISABILITY ADVOCATES**
*Attorneys for Plaintiff*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539
E-mail: jsheskin@jltrial.com
E-mail: mlopez@jltrial.com