# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DOUGLAS LONGHINI,
individually,

    Plaintiff,

v.                                                      Case No. 3:17-cv-899-J-32JBT

GATEWAY RETAIL CENTER,
LLC, WINGIN' IT INVESTMENTS,
INC., NEIL, INC., and BAJCO
FLORIDA, LLC.,

    Defendants.

## **O R D E R**

    This disability discrimination case is before the Court on Defendant Neil, Inc.'s Motion to Dismiss (Doc. 12) for lack of subject matter jurisdiction. Plaintiff Douglas Longhini responded. (Doc. 19). Particularly, Neil argues that Longhini has no threat of future injury because, despite the allegations in the complaint, Longhini has no intent to ever return to Defendants' businesses in Jacksonville. (Doc. 12 at 4). Longhini contends that the complaint sufficiently alleges that he intends to visit the property again in the future once the alleged violations are remedied. (Doc. 19 at 4–6).

## I. BACKGROUND

On June 7, 2017, Longhini visited Defendant Gateway Retail Center's shopping plaza in Duval County, Florida. (Doc. 1 ¶¶ 6, 17). Within the shopping center, Longhini visited the Wing Stop, Subway, and Papa John's restaurants, owned by Defendants Wingin' It Investments, Inc., Neil, Inc., and Bajco Florida, LLC, respectively. (Doc. 1 ¶¶ 5–12, 17). Longhini is disabled, and the shopping center and each restaurant allegedly contained architectural barriers in violation of the Americans with Disabilities Act ("ADA"). (Doc. 1 ¶¶ 3, 28). Longhini's purpose in travelling to the shopping center was to "visit [the] shopping center and purchase food and drinks." (Doc. 1 ¶ 17).

Longhini is an ADA "tester," who seeks out places of public accommodation to "discover[], encounter[], and engag[e] discrimination against the disabled[.]" (Doc. 1 ¶ 18). Although Longhini is a "tester," such motive was allegedly "[c]ompletely independent of the personal desire to have access to [Defendants'] place[s] of public accommodation . . . ." (Doc. 1 ¶ 18). Longhini, who is no stranger to ADA litigation,[1] lives in Miami, Florida, more than 350 miles from Defendants' establishments. (Doc. 24 at ¶¶ 1, 9). Despite this

---

[1] In his answer to the Court's interrogatories, Longhini listed more than 100 cases throughout Middle and Southern Districts of Florida in which he is the plaintiff. (Doc. 24 ¶ 9). Three cases, in addition to this one, are currently before this Court: 3:17-cv-00254-TJC-PDB, 3:17-cv-00290-TJC-MCR, 3:17-cv-00898-TJC-PDB.

2

distance, Longhini alleges that he "wishes to seek in the future . . . to avail himself of the accommodations, privileges, and advantages of the public accommodations offered by Defendants." (Doc. 1 ¶ 26).

On August 4, 2017, Longhini filed a one Count[2] Complaint seeking an injunction of the allegedly discriminatory conduct by each defendant and attorneys' fees pursuant to 42 U.S.C. § 12205. (Doc. 1 ¶¶ 22–34). On September 5, 2017, Neil filed a motion to dismiss for lack of subject matter jurisdiction, asserting that Longhini cannot establish standing. (Doc. 12 at 4).[3] In particular, Neil contends that Longhini has not, and cannot, establish a concrete and immediate future injury that is not merely conjectural or hypothetical. (Doc. 12 at 5). In response, Longhini argues that the Complaint states his intent to return, which is a sufficient allegation of a future injury. (Doc. 19 at 8).

---

[2] Typically, a complaint should contain a separate count for each defendant so that each defendant is apprised of the allegedly illegal conduct for which they are accused. However, the Complaint delineates the conduct for each defendant through separate subsections.

[3] Although Neil is the only defendant who moved to dismiss on jurisdictional grounds, the Complaint's facts relevant to standing make no distinction among the Defendants. Thus, the Court's analysis, and ruling, consider Plaintiff's standing with respect to all of the Defendants.

## II. STANDARD OF REVIEW

Standing is a threshold jurisdictional issue and without it federal courts are "powerless to continue." CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006). The party invoking federal jurisdiction bears the burden of proving standing, and each element must be supported in the manner and degree required at the particular stage of the litigation.[4]. Bischoff v. Osceola Cty., 222 F.3d 874, 878 (11th Cir. 2000). "The standing inquiry 'requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.'" Elend v. Basham, 471 F.3d 1199, 1205 (11th Cir. 2006) (quoting Allen v. Wright, 468 U.S. 737, 752 (1984)). However, courts are not free to "speculate concerning the existence of standing[;]" if the complaint fails to establish standing, the court "lacks the power to create jurisdiction by embellishing a deficient allegation of injury." Id. at 1206 (quotations omitted).

## III. ANALYSIS

To satisfy Article III's standing requirements, a plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury

---

[4] As the standing challenge was brought via a motion to dismiss prior to filing an answer, the Court looks to the sufficiency of the Complaint. Bischoff, 222 F.3d at 878. The facts alleging standing "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the standing allegations must be plausible, not merely possible, to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

4

and conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable court ruling. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013). Additionally, when a plaintiff seeks injunctive relief, he must demonstrate a real and immediate threat of future injury by the defendant.[5] City of Los Angeles v. Lyons, 461 U.S. 95, 105–07 (1983); Houston, 733 F.3d at 1328. "The binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be imminent." Elend, 471 F.3d at 1207.

A plaintiff lacks ADA standing where he fails to allege facts "giving rise to an inference that he will suffer <u>future</u> discrimination by the <u>defendant</u>." Houston, 733 F.3d at 1334–35 (first emphasis in original second emphasis added). District courts often look to the following four factors when making the future injury determination: (1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business. Id. at 1337 n.6. However, courts must consider the totality of the circumstances; the factors are not exclusive and no single factor is dispositive. Id.

---

[5] In Houston, the Eleventh Circuit characterized the requirement of a "real and immediate future injury" as part of the injury in fact element. Houston, 733 F.3d at 1328–29.

5

In Houston the Eleventh Circuit faced a standing challenge to another ADA "tester." Id. at 1332. After determining that Houston's "tester" status did not per se deprive him of standing, the court analyzed the plaintiff's threat of future injury.[6] Id. Houston had visited the defendant's supermarket on several occasions prior to filing suit, his house was thirty miles from the supermarket, and he passed the supermarket on a regular basis when visiting his lawyers' offices. Id. at 1336. The Eleventh Circuit found that under the totality of circumstances, Houston's threat of future injury was "not merely 'conjectural' or 'hypothetical[,]'" but "real and immediate." Id. at 1337. The Eleventh Circuit distinguished Houston's likelihood to return to the supermarket from the "some day" intentions that the United States Supreme Court found too speculative in Lujan. Id. at 1340.

Here, unlike in Houston, Longhini's intent to return to Defendants' establishments is too speculative to satisfy standing. See Lujan, 504 U.S. at 564; Houston, 733 F.3d at 1340. Longhini's allegation to return once the barriers are removed is no more "concrete" or "imminent" than the Lujan plaintiff's averment to return to Sri Lanka once its civil war ends. See Houston, 733 F.3d at 1337–38 (explaining that the "some day" intent to return is

---

[6] The Eleventh Circuit made clear that a plaintiff's status as a "tester" did not deprive an otherwise qualified individual of standing. Houston, 733 F.3d at 1332. As such, Longhini's "tester" status has no impact on the Court's standing analysis.

insufficient). The totality of circumstances demonstrates that it is unlikely that Longhini has a more than speculative intent to return to the Defendants' businesses in the immediate future. See id. at 1334–35; Elend, 471 F.3d at 1207.

First, the distance between Longhini's home and Defendants' businesses make it unlikely that Longhini will visit them in the imminent future. See Houston, 733 F.3d at 1337 n.6; (Doc. 12 at 5). Unlike the plaintiff in Houston, Longhini lives more than 350 miles away from Defendants' businesses and has alleged no particular reason to return. See Houston, 733 F.3d at 1336 ("[W]e cannot say that a distance of 30.5 miles makes the threat of future injury conjectural. . . . He does not live hundreds of miles away from the store with no particular reason to return."); (Doc. 12 at 5).

Second, the Complaint fails to allege any past patronage of any of the Defendants' businesses. See Houston, 733 F.3d at 1340 (finding importance in the fact that the plaintiff had shopped at the defendant's supermarket several times in the months preceding filing the lawsuit); Bischoff, 222 F.3d at 878 (stating that the burden is on the party invoking federal jurisdiction to establish standing). The Court agrees with Longhini that "recent and consistent use of [Defendants'] facility[ies]" would bolster the Complaint's bare allegation of an indiscriminate intent to return, (Doc. 19 at 8); but contrary to this uncited statement in his response, the Complaint makes no factual allegations

7

indicating recent and consistent use of Defendants' facilities. (See Doc. 1; Doc. 19 at 8).

Third, the Complaint lacks any definitiveness concerning when Longhini intends to return beyond "once the Subject Premises are made compliant." (Doc. 19 at 8); see Houston, 733 F.3d at 1340. The Eleventh Circuit has explained that "[i]mmediacy is an 'elastic concept,' and in this context means 'reasonably fixed and specific in time and not too far off.'" Houston, 733 F.3d at 1340 (citations omitted) (quoting ACLU of Fla., Inc. v. Miami-Dade Cty. Sch. Bd., 557 F.3d 1177, 1193–94 (11th Cir. 2009)). Nothing in the complaint indicates that Longhini "drives right by the store on a regular basis[,]" or that he frequently makes the 700 mile round trip to Jacksonville. See Houston, 733 F.3d at 1340; (Doc. 1). Unlike the plaintiff in Houston, Longhini has not alleged a concrete and realistic plan of when he would visit Defendants' businesses again. See Houston, 733 F.3d at 1340; (Doc. 1).

Longhini cites to Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010), aff'd, 444 F. App'x 412 (11th Cir. 2011) for the proposition that "standing should not be denied to a plaintiff seeking relief under the ADA merely because he cannot produce evidence of a specific date and time to return." However, the Court's conclusion here does not conflict with Norkunas. In that case, the Plaintiff regularly travelled through Jacksonville and had stayed at the defendant's hotel several times previously. Id. at 1317.

While Longhini does not need to plead a specific date and time to return, his bare allegation of an intent to return does not create an "inference that he will suffer <u>future</u> discrimination by the <u>defendant</u>." <u>Houston</u>, 733 F.3d at 1334–35 (first emphasis in original second emphasis added). The Complaint here is devoid of any facts allowing the Court to make such an inference, and the Court "should not speculate concerning the existence of standing, nor should [it] imagine or piece together an injury sufficient to give plaintiff standing when [plaintiff] has demonstrated none." <u>Elend</u>, 471 F.3d at 1206.

Fourth, Plaintiff has not alleged any facts demonstrating his frequency of travel near Defendants' businesses. <u>See</u> <u>Houston</u>, 733 F.3d at 1340; (Doc. 1).

The Court surveyed all 68 of Longhini's past and present ADA suits in the Middle District of Florida. Of those cases, only three had rulings concerning Longhini's standing. <u>See</u> <u>Longhini v. Orlando CC Hotel, LP</u>, No. 6:17-cv-1057-Orl-37KRS, slip op. at 5 (M.D. Fla. Jan. 5, 2018); <u>Longhini v. Jebailey & Sons, Inc.</u>, No. 6:17-cv-986-Orl-31GJK, slip op. at 1 (M.D. Fla. Jan. 2, 2018); <u>Longhini v. Pine Haven Plaza Condo. Ass'n</u>, No. 2:17-CV-305-FTM-99CM, 2017 WL 4518567, at *2 (M.D. Fla. Oct. 10, 2017). In <u>Jebailey</u>, the court summarily denied the defendants' motion to dismiss for lack of standing, stating: "the Court concludes that Plaintiff has adequately pled standing . . . ." <u>Jebailey</u>, slip op. at 1. In <u>Pine Haven</u>, Longhini sued a Lee County shopping plaza for allegedly violating the ADA. 2017 WL 4518567, at *2. The Court denied the

motion to dismiss for lack of standing, stating that Longhini's alleged intent to return, coupled with his ADA "tester" status left "little doubt that Longhini will make his way into the Middle District of Florida on future occasions." Id.

Conversely, CC Hotel held that Longhini's complaint failed to allege sufficient facts demonstrating "a real and immediate threat of future injury." slip op. at 5 (quotations omitted) (quoting Houston, 733 F.3d at 1334). Unlike Jebailey and Pine Haven, CC Hotel reviewed the four factors outlined above, concluding that under the totality of circumstances Longhini had failed to plead a threat of future injury. Id. at 7 ("He lives far away from the property, he has only visited it once in all of his years of travel to the area, and he has not expressed a definite plan to return."). Furthermore, in CC Hotel, Longhini alleged that he travelled to the Orlando area frequently; such a statement is lacking in his pleadings here. Id.

The Court agrees with the conclusion in CC Hotel that Longhini's complaint fails to sufficiently plead a "real and immediate threat of future injury." See 733 F.3d at 1334. Longhini's allegation of an intent to return is nothing more than a "naked assertion devoid of further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); (Doc. 1 ¶ 26). The Supreme Court has stated that such "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678; see also, e.g., Kennedy v. New Smyrna ACD LLC, No. 6:17-CV-

10

89-ORL-40TBS, 2017 WL 6560000, at *4 (M.D. Fla. Dec. 22, 2017) ("Without more, Plaintiff's bare allegation of generalized plans to travel more than 200 miles to inspect Defendant's property for ADA compliance fails to demonstrate a likelihood of future injury.").

Taking the totality of circumstances into consideration, the Complaint does not allege facts sufficient to demonstrate that Longhini's intent to return is more than a speculative "some day" intent. See Lujan, 504 U.S. at 564; Houston, 733 F.3d at 1340; (Doc. 1).[7]

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Niel's Motion to Dismiss (Doc. 12) is **GRANTED.**

2. The Complaint is **DISMISSED without prejudice**.

3. If Longhini has a good faith basis to do so, he shall have up to and including **February 23, 2018**, to file an amended complaint.

---

[7] Such a conclusion does not result in improperly weighing a plaintiff's credibility. See Cohan v. Bonita Resort & Club Ass'n, Inc., No. 2:15-CV-61-FTM-38DNF, 2015 WL 2093565, at *5 (M.D. Fla. May 5, 2015). Rather, it views a plaintiffs allegation of an intent to return as a "formulaic recitation of the elements," requiring supporting factual allegations to make it plausible. See Iqbal, 556 U.S. at 678.

11

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of January, 2018.

*TIMOTHY J. CORRIGAN*
United States District Judge

jb
Copies to:

Counsel of record