# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DOUGLAS LONGHINI,
individually,

    Plaintiff,

v.                                                           Case No. 3:17-cv-899-J-32JBT

GATEWAY RETAIL CENTER,
LLC, WINGIN' IT INVESTMENTS,
INC., and NEIL, INC.,

    Defendants.

_____

## **O R D E R**

This case is before the Court on the Joint Stipulation for Dismissal with Prejudice, (Doc. 43), Joint Motion for Approval and Entry of Consent Decree and to Dismiss Claims Against Defendant Wingin' It Investments Inc., with Prejudice, (Doc. 52), and Joint Motion for Approval of Settlement Agreement, (Doc. 57).

On April 25, 2018, Plaintiff and Defendant Neil, Inc. filed a joint stipulation of dismissal, (Doc. 43). In it, the parties sought to have the Court retain jurisdiction to enforce the parties' settlement agreement. (Doc. 43 at 2). Refusing to enforce an agreement it has not reviewed, the Court entered an endorsed order on April 26, 2018, requiring the parties to file the proposed

settlement agreement not later than May 11, 2018. (Doc. 44). To date, the parties have not complied with this order, and the case against Neil, Inc. remains pending.

Plaintiff has also agreed to settle with Defendant Wingin' It Investments, and they seek Court approval of their Consent Decree. (Docs. 52; 52-1). However, the Consent Decree is replete with errors, contradictions, incomplete sentences, and incorrect citations. As such, the Court refuses to approve it as written. Instead, in an attempt to determine the appropriate course of action, the Court will hold a hearing.

Most recently, Plaintiff has reached a settlement with Defendant Gateway Retail Center, LLC. (Doc. 57). The parties have asked the Court to "review, approve and ratify the Settlement Agreement[,]" retain jurisdiction to enforce the agreement, and dismiss the action with prejudice. (Doc. 57).[1] However, this agreement raises questions concerning the merits of the dispute (Gateway denies liability, but the agreement states that the modifications will bring the premises within ADA compliance), and the money that is exchanging hands (the agreement purports to be dividing a confidential amount between Plaintiff, his lawyers, and his experts). See generally In re: ADA Cases, 6:18-mc-14-Orl-31DCI

---

[1] The paragraphs in the motion are numbered 1, 2, 3, 4, <u>5, 6, 5, 6</u>.

Accordingly, it is hereby

**ORDERED:**

1. This case is hereby **SET** for **HEARING** on **January 3, 2019** at **10:00 a.m.** before the undersigned, in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[2] Counsel for all parties are required to attend <u>in person</u>.

2. In light of their apparent settlement, Defendant Gateway Retail Center, LLC's Motion for Further Extension of Expert Rebuttal Report Deadline is **DENIED as MOOT.**

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

Counsel of record

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission <u>pro hac vice</u>.